IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00088-REB-CBS

JAMES BUTLER,
    Plaintiff,
v.

PEOPLE OF THE NINTH DISTRICT OF COLORADO,
TD AMERITRADE AND ASSOCIATES, and
THE DEPARTMENT OF SOCIAL SECURITY SOCIAL SECURITY ADMINISTRATION,
    Defendants.
_____

RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Mr. Butler's response (filed September 30, 2008) (doc. # 23) to the court's Second Order to Show Cause (doc. # 22). Pursuant to the Order of Reference dated January 16, 2008, this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine any pretrial matter, . . . " The court has reviewed the Complaint, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Background

Proceeding *pro se*, Mr. Butler filed the instant action on January 14, 2008. (*See* doc. # 1). On March 25, 2008, the court denied Mr. Butler's "Request for in Ex Parte Motion to Continue by Delivery of Object Subpoenas to Plaintiff, or to Convene by Phone [sic]," noting that "no proof of service has been filed with the court." (*See* doc. # 9). On June 3, 2008, the court issued an Order to Show Cause to Mr. Butler, directing

1

him to show cause, on or before September 26, 2008, why this civil action should not be dismissed for failure to timely serve Defendants. (*See* doc. # 14). The court advised Mr. Butler that failure to adequately and timely respond to the Order to Show Cause may result in a Recommendation for dismissal of this civil action without further notice. (*See* doc. # 14).

Mr. Butler filed a response on June 23, 2008. (*See* doc. # 17). Mr. Butler contended that he served the Defendants, attaching as proof certified mail receipts from the United States Post Office. (*See* doc. # 17 at pp. 3-6 of 6). The court held a status conference on September 10, 2008. Mr. Butler appeared via telephone. The court discussed with Mr. Butler several potential issues in his case, such as the statute of limitations, the failure to effect proper service, and the naming of the "People of the Ninth District of Colorado" as a Defendant (*See* Courtroom Minutes/Minute Order (doc. # 21)).

On September 10, 2008, the court issued a Second Order to Show Cause to Mr. Butler, again directing him to show cause on or before September 26, 2008 why this civil action should not be dismissed for failure to timely serve Defendants. (*See* doc. # 22). On September 30, 2008, Mr. Butler filed a document entitled "On Motion to Dismiss with Prejudice to Lawfully Refile." (*See* doc. # 23). Mr. Butler indicated, among other things, that he "would also like to ask that the present case b[e] permitted to be refiled," and "that the 'People of the Ninth Judicial District' are not a valid defendant." (*See* doc. # 23 at p. 2). The court held a status conference on October 20, 2008 to clarify Mr. Butler's intent regarding his September 30, 2008 filing. Mr. Butler appeared at the status conference via telephone. Mr. Butler indicated that he wished to dismiss

2

his lawsuit without prejudice. Mr. Butler agreed to file a notice of dismissal by October 24, 2008. (*See* Courtroom Minutes/Minute Order (doc. # 25)).

On October 20, 2008, Mr. Butler left a message on the automated telephone answering system in chambers. Mr. Butler indicated that he believes Defendants are in default. On October 22, 2008, Mr. Butler left another message, indicating again that he believes Defendants are in default. On October 27, 2008, Mr. Butler filed a document entitled "Affadavit" [sic] and "Order to Show Due Cause Motion to Find Defendant[s] in Default" (doc. # 26) (docketed by the Clerk of the Court as "Response to Order to Show Cause"). Mr. Butler "move[s] for a Judg[ment] of Default of all named Defendants." (*See* doc. # 26).

II. Analysis

A. No Proof of Proper Service on Defendants

Fed. R. Civ. P. Rule 4(m) provides in pertinent part

> [i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Complaint was filed on January 14, 2008. The 120-day period to effect service upon Defendants has expired. To date, none of the Defendants have filed with the Clerk of the Court a signed waiver of service or otherwise appeared in this civil action.

As no waivers of service have been filed with the court, Mr. Butler must comply with the service requirements of Fed. R. Civ. P. Rule 4, governing service on, *inter alia*,

individuals, corporations, the United States, and its agencies. (*See*, Fed. R. Civ. P. 4(e), (h), (i)). Mr. Butler is suing the "People of the Ninth District of Colorado," "TD Ameritrade and Associates," and the "Department of Social Security Social Security Administration." (*See* Complaint (doc. # 1)).

Pursuant to the Federal Rules of Civil Procedure, service upon an agency of the United States, such as the Social Security Administration, shall be effected by "serv[ing] the United States and also send[ing] a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). "Serving the United States" requires:

> (A)(i)  deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought -- or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk -- or
>
> (ii) send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send[ing] a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)-(C).

A corporation, such as TD Ameritrade, "must be served:"

> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a

4

copy of each to the defendant; . . .

Fed. R. Civ. P. 4(h)(1).

An individual may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Colorado law provides for personal service:

Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process.

C.R.C.P. 4(e)(1).

Mr. Butler has submitted as proof of service on Defendants certified mail receipts from the United States Post Office. (*See* doc. # 13 at pp. 2, 6 of 7; doc. # 17 at pp. 3-6 of 6). The purported "Proof of Service" documents filed by Mr. Butler (*see* docs. # 12, # 13, and # 17) do not comply with any method of service provided under the Federal Rules of Civil Procedure for these Defendants. Where service is lacking or improper, Rule 4(m) allows a district court discretion to extend the time for service even when

5

plaintiff has not shown good cause for the failure to effect service within 120 days. *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995). Nine months have passed since Mr. Butler filed the Complaint, five months have passed since the first Order to Show Cause was issued, two months have passed since the Second Order to Show Cause was issued, and as of this date, Mr. Butler has not filed with the court proof of proper service on any Defendant. Nor has Mr. Butler requested or been granted an extension of time to properly serve the Defendants. Under these circumstances, the court need not wait any longer for Mr. Butler to comply with the clear requirements of Rule 4. Without proof of service, the court lacks personal jurisdiction over the Defendants. *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted). As Mr. Butler has not filed proof of proper service on the Defendants, entry of default is not appropriate.

B.    Complaint Fails to Conform to Pleading Requirements

Fed. R. Civ. P. 3 "governs the commencement of all actions, including those brought by or against the United States or an officer or agency thereof, . . ." Fed. R. Civ. P. 3 Advisory Committee Notes. Pursuant to Rule 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 7, 8, and 10 prescribe the pleadings that are allowed and the form they must take.

Fed. R. Civ. P. 8(a) states that a complaint shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading

requirement is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). *See also Blinder & Robinson Co. v. SEC*, 748 F.2d 1415, 1419 (10th Cir. 1984) ("a plaintiff must state a compensable claim for relief that details the facts forming the basis for the claim"). The information provided by the pleader must be adequate to set forth "the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it." Wright and Miller, *Federal Practice and Procedure*, Civ. 3d § 1215. "The purpose of a modern complaint is to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (internal quotation marks and citation omitted).

While *pro se* pleadings should be construed liberally and held to a less stringent standard than formal proceedings drafted by lawyers, *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991) (citations omitted), that standard does not override a *pro se* plaintiff's responsibility to provide a simple and concise statement of his claims and the specific conduct that gives rise to each asserted claim. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957) (*pro se* plaintiff's complaint must be sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests"). *See also Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (pro se litigant required to follow the rules of federal and appellate procedure).

When a complaint does not comply with Rule 8, the district court "has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). *See also Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996) (a complaint is subject to dismissal under rule 8(a) if it is "incomprehensible."). The decision to dismiss an action without prejudice for failure to comply with Rule 8 is within the sound discretion of the district court. *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993) (citations omitted). *See also Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992) (citations omitted).

The court's reading of the Complaint and accompanying exhibits reveals allegations related to "emancipation" and "civil abduction," events that occurred in 1977 when Mr. Butler was 9 years old, an arrest and prosecution for driving under the influence in 2005, "an offense in the Stock Marketplace [that] occurred against him," and an "erroneous billing" by TD Ameritrade. (*See* Complaint (doc. # 1) at pp. 1-3). Mr. Butler seeks substantial monetary damages as relief. (*See* Complaint at p. 3) ("Judgment in the amount of 9 million United States dollars . . . is in order.").

Mr. Butler pleads no basis for the court's subject matter jurisdiction. Mr. Butler does not plead what laws were allegedly violated by the Defendants. Mr. Butler recites disjointed and conclusory allegations. The Complaint fails to give Defendants or the court reasonable and fair notice of the specific legal claims. Mr. Butler's allegations fail to clarify the nature of the Complaint or satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Green v. Com. of Massachusetts*, 108 F.R.D. 217, 218 (D. Mass. 1985) (finding that dismissal is appropriate for "complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous

diatribes far removed from the heart of the claim"). None of Mr. Butler's subsequent filings shed any light on the exact nature of his claims. Even the most liberal reading of Mr. Butler's Complaint does not bring it within the ambit of Rule 8(a). Mr. Butler's Complaint is not comprehensible and is properly dismissed without prejudice for failure to comply with Rule 8(a).

Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED without prejudice for failure to timely serve Defendants and for failure to comply with the pleading requirements of Rule 8.

Further, IT IS ORDERED that:

1. Mr. Butler's "Motion to Inpose [sic] a Stay of Proceedings and of Judicial Execution in 05T187, Colorado v. James Butler" (filed March 26, 2008) (doc. # 10) is DENIED.

2. Mr. Butler's "Status Conference Venue Hearing [sic]" (field September 8, 2008) (doc. # 19) (docketed by the Clerk of the Court as "Motion for Hearing/Status Conference, Motion to Change Venue") is DENIED as moot in part as to the Motion for Status Conference and DENIED in part as to the Motion to Change Venue.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

9

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir.

2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 6th day of November, 2008.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge